[No. 19304.  Department Two.  July 15, 1925.]

OLYMPIC SECURITIES COMPANY, *Appellant*, v. PENNSYL-
VANIA FIRE INSURANCE COMPANY, *Respondent*.[1]

INSURANCE—CONSTRUCTION OF POLICY—AUTOMOBILE INSURANCE—
COLLISION—LOSSES COVERED.  The loss of an automobile was not through a "collision," within a policy of insurance covering "accidental collision  .  .  .  with another automobile, vehicle or object," where, in rounding a turn at high speed, it left the road and was destroyed.

EVIDENCE (179)—PAROL EVIDENCE—TO VARY WRITING—AMBIGUITY.
Parol evidence is not admissible to show that the term "collision" in an automobile insurance policy was intended to include an upset and overturning of a car when speeding around a turn.

Appeal from a judgment of the superior court for King county, Hall, J., entered October 3, 1924, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action on an automobile insurance policy.  Affirmed.

*Patterson & Patterson,* for appellant.

*Fred G. Clarke,* for respondent.

MACKINTOSH, J.—At three o'clock in the morning, an automobile belonging to the appellant was driven at a great rate of speed through a curve and down a gulch where it overturned and thereafter ceased to exist as a going concern.  The appellant then sought

[1]Reported in 237 Pac. 707.

to recoup its loss from the respondent on its policy of insurance against "accidental collision." The jury gave a verdict for the appellant, but the court nevertheless gave judgment for the respondent, and this appeal resulted.

The court was right and the jury was wrong. For *Ploe v. International Indemnity Co.*, 128 Wash. 480, 223 Pac. 327, decided that a loss occasioned by an automobile contacting with the earth was not covered by a provision in the insurance policy referring to "collision." A vigorous argument is made against the soundness of that decision by the appellant, fortifying it by the citation of authorities from numerous respectable jurisdictions. But in spite of the argument and authorities we are of the same opinion still. This adherence to that decision disposes of the major of appellant's contentions.

But one other assignment needs our attention, and that is, that parol evidence should have been admitted to explain what the parties to the contract intended by the use of the word "collision." It appears that the agent of the respondent who wrote the policy is also an officer of the appellant to whom the policy was issued, and the evidence offered was to the effect that this person, when he wrote the policy, intended that the word "collision" should cover a situation such as is presented by the facts of this case. To allow such evidence would be to violate the rule against the admission of parol testimony to vary the terms of a written contract, and the effect of this rule cannot be avoided by the contention that another rule applies, which is that parol testimony can be admitted to explain ambiguities, for, as we view it, there is no ambiguity associated with the word "collision." This court has held in the *Ploe* case that "collision" does

not include an upset and overturn. If that is true, there is no ambiguity here and the evidence could not be admissible.

For these reasons the judgment is affirmed.

TOLMAN, C. J., FULLERTON, and MAIN, JJ., concur.

HOLCOMB, J. (dissenting)—I still dissent as I did in *Ploe v. International Indemnity Co., supra,* for the same reasons, and point out that the current of weighty authority since that case was decided has been against it and in line with my dissent.