[No. 31302. *En Banc.* October 5, 1950.]

THEODORE B. BRUENER et al., *Respondents,* v. TWIN CITY FIRE INSURANCE COMPANY, *Appellant.*[1]

*Metzger, Blair, Gardner & Boldt,* for appellant.

*Harry Ellsworth Foster* and *A. D. Gillies,* for respondents.

MALLERY, J.—On January 20, 1949, the plaintiff had an automobile accident on the highway between Elma and McCleary. The pavement was icy, the car skidded, went out of control, left the pavement, straddled the ditch and jammed the front end into an embankment. The car did not turn over.

This action was brought to recover from the defendant insurance company the amount of damage to the car.

The pertinent part of plaintiff's insurance policy reads as follows:

"Coverage A—Comprehensive Loss of or Damage to the Automobile, Except by Collision or Upset.

[1] Reported in 222 P. (2d) 833.

"Any direct and accidental loss of or damage to the automobile except loss caused by collision of the automobile with another object or by upset of the automobile or by collision of the automobile with a vehicle to which it is attached. Breakage of glass and loss caused by missiles, falling objects, fire, theft, explosion, earthquake, windstorm, hail, water, flood, vandalism, riot or civil commotion shall not be deemed loss caused by collision or upset."

The trial court, in granting judgment for the plaintiff, said:

"I am unable to intelligently distinguish this case in principle from the decision in 128 Wash. 480." (*Ploe v. International Indemnity Co.*, 128 Wash. 480, 223 Pac. 327, 35 A. L. R. 999.)

The defendant appeals. It contends that the damage was caused by a collision, which is excluded from the coverage of the policy.

In his brief, respondent concisely states the issue and his contention in this case:

"The issue upon the present appeal cannot be resolved by resort to dictionary definitions of the word 'collision' or judicial determinations of what constitutes a collision, *for a collision did occur after the car went out of control.* But the question is: What was the proximate cause of the collision? If the proximate cause was from a peril insured against then the judgment below is correct. . . ." (Italics ours.)

It may be conceded at once that the trial court and the respondent correctly construe the *Ploe* case, *supra,* that it is in point, and must be overruled if this case is to be reversed.

The policy in the *Ploe* case, *supra,* covered "accidental collision," but did not cover an upset or skidding. The car skidded, went off the road, collided with a stump, and continued on down an embankment. This court, in holding that there could be no recovery, said:

"It seems to us that the proximate cause of the accident here involved was the skidding of the car, or its passing from the roadway from whatever cause, and the instant it left the roadway . . . its destruction [was] certain.

Its subsequent contact with the stump was an accident which had, and could have, no effect upon the situation beyond hastening or delaying for an instant the final result."

The rule of the *Ploe* case, *supra,* is that the hazards which are covered and excluded from coverage by the terms of an insurance policy are the proximate causes of accidents, not the accidents themselves. Thus, the policy in that case covered the collision, but not the skidding, its proximate cause, so recovery was denied for the collision.

That rule applied to the present policy, which is comprehensive, and excepts collision, will permit a recovery for every collision which has a proximate cause, and the exception of the policy will only apply where there is no proximate cause for the collision. This collision had a proximate cause—skidding. Therefore, recovery should be allowed under the rule of the *Ploe* case, *supra,* unless we overrule it.

■ In the rare instances where proximate cause has any bearing in contract cases, it has a different meaning than when used in tort. This is pointed out in the case of *Pacific Union Club v. Commercial Union Assurance Co.,* 12 Cal. App. 503, 107 Pac. 728, wherein the policy insured against fire, but not against loss caused directly or indirectly by earthquake. An earthquake destroyed the water mains, making it impossible to put out a fire. The court held that the insurance company was liable, because the earthquake did not start the fire, pointing out the distinction in the application of proximate cause:

"The action in the present case is upon contract and does not sound in tort, and the rule of proximate cause in actions for breach of contract and not for torts is to be invoked to determine whether under the contract the excepted peril directly or indirectly induced the happening of the peril insured against."

In tort cases, the rules of proximate cause are applied for the single purpose of fixing culpability, with which insurance cases are not concerned. For that purpose, the tort rules of proximate cause reach back of both the injury and the physical cause to fix the blame on those who created the

situation in which the physical laws of nature operated. The happening of an accident does not, in itself, establish negligence and tort liability. The question is always, why did the injury occur. Insurance cases are not concerned with why the injury occurred or the question of culpability, but only with the nature of the injury and how it happened.

In the heyday of the Wright Brothers, an illustrative quip gained some vogue that it was not the fall from an airplane that was injurious, but the landing. Insurance looks to the landing, tort to the proximate cause of the fall. Tort excludes the landing for purposes of fixing liability, but may go back in the chain of causation until it reaches a broken link.

The *Squib Case* [*Scott v. Shepherd,* 2 W. Bl. (K.B.) 892] is illustrative of how far back proximate cause can reach, when the chain of causation is unbroken. Perhaps, no case goes as far back as Poor Richard's Almanac in attributing the loss of the battle to the want of a horseshoe nail, but it is scarcely debatable that proximate cause in tort is not limited to one link back in the chain of causation. Thus, it excludes the immediate physical cause of injury, with which insurance is concerned, from its purview and includes any number of unbroken links of causation with which insurance is not concerned.

We are aware that there is a line of insurance cases which apply the rules of proximate cause and that Washington, by virtue of the *Ploe* case, *supra,* is now committed to that rule.

We think it is neither the majority nor best reasoned rule and, accordingly, we overrule the *Ploe* case, *supra,* and *Olympic Securities Co. v. Pennsylvania Fire Ins.* Co., 135 Wash. 307, 237 Pac. 707, which followed it, in so far as they are inconsistent with this opinion.

■ Coming back, then, to the instant case the question presented is simply this: Did the collision, which is excepted from the coverage of the policy, cause the damage for which recovery is sought? Respondent concedes there was a collision and we find no difficulty in attributing the injury to it, rather than the skidding because had there been only

a skidding there would have been no damage. The collision itself is the direct, violent and efficient cause of the damage. *Pred v. Employers' Indemnity Corp.,* 112 Neb. 161, 198 N. W. 864, 35 A. L. R. 1003; *Interstate Cas. Co. v. Stewart,* 208 Ala. 377, 94 So. 345, 26 A. L. R. 427; *T. C. Power Motor Car Co. v. United States Fire Ins. Co.,* 69 Mont. 563, 223 Pac. 112, 35 A. L. R. 1028. The loss resulting from this collision is within the exception of this policy.

The judgment is reversed.

BEALS, ROBINSON, HILL, GRADY, HAMLEY, and DONWORTH, JJ., concur.

SCHWELLENBACH, J., concurs in the result.

SIMPSON, C. J., dissents.