## Melville J. Bradsteen, Plaintiff-Appellant, v. American Economy Insurance Company, Defendant-Appellee.

Gen. No. 65–117.

Second District.

April 19, 1966.

Haye & Keegan, of Rockford, for appellant.

Berry & Simmons, of Rockford, for appellee.

MR. PRESIDING JUSTICE MORAN delivered the opinion of the court.

This is an action brought to interpret an insurance policy. The plaintiff purchased a policy of insurance from the defendant insurance company providing for so-called "comprehensive" coverage but excluding collision coverage.

Early in the morning on July 8, 1961, the plaintiff was driving a Superba automobile—a personal car identical to a checker taxicab in construction—on Route 26 near Janesville, Wisconsin. He was proceeding along the highway when suddenly he saw a large tree fall across the road about 125 feet in front of him. He applied his brakes but was unable to stop, swerved off the road to the right and turned over in the ditch demolishing the car.

One of the numerous dents on the car was a rounded dent in the trunk. The plaintiff suggests that his car was actually hit by the tree. The trial court found, however, that the tree did not actually come into contact with the car but was resting upon the highway before the plaintiff's car swerved and left the highway.

The value of the plaintiff's car prior to the occurrence was $2,300; after the accident its value was $300, and plaintiff claims damages of $2,000.

The policy of insurance issued by the defendant provides that the company will "pay for loss caused other than by collision to the owned automobile." Collision is

defined as "collision of an automobile covered by this policy with another object or with a vehicle to which it is attached or by upset of such automobile."

The parties agree that if the tree on its downward plunge at the precise moment the plaintiff was passing had struck the plaintiff's vehicle there would be coverage. They further agree that if the tree had fallen some indefinite period of time prior to the plaintiff's arrival at the scene, and plaintiff's car had collided with it, there would be no coverage. Their differences in viewpoint arise in connection with the varying situations between these two propositions.

The plaintiff contends that the almost simultaneous falling of the tree along with his reaching the locus in quo was the proximate cause of his veering into the ditch and the resulting damage to his car. Consequently, he reasons that the falling object, the tree, caused his damage and not the upset which thereafter occurred. Conversely, the defendant contends that the proximate cause theory is not a factor to be considered since this is an action sounding in contract and not in tort.

Although the Illinois courts have not squarely passed upon this circumstance, there has been a pronouncement of what establishes a collision. In the case of Walter E. Heller & Co., Inc. for Use of Kennedy v. International Indemnity Co., 238 Ill App 361 (1925), the plaintiff, who had collision coverage, sought to avoid another car, swerved into a ditch, collided with the bank of the ditch and thereby damaged his automobile. It was held that this constituted a collision.

In Bruener v. Twin City Fire Ins. Co., 37 Wash2d 181, 222 P2d 833 (1950), the plaintiff, who did not have collision coverage but did have comprehensive coverage, as in the case at bar, skidded while driving upon icy pavement. As a result he lost control of his car, careened into a ditch and collided with the embankment. Based upon an earlier decision which adopted the proxi-

mate cause theory, the plaintiff brought suit. See, Ploe v. International Indemnity Co., 128 Wash 480, 223 P 327. However, in the Bruener case, the court stated at page 835:

> "We are aware that there is a line of insurance cases which apply the rules of proximate cause and that Washington, by virtue of the Ploe case, supra, is now committed to that rule.

> "We think it is neither the majority nor best reasoned rule and, accordingly, we overrule the Ploe case, supra, and Olympic Securities Co. v. Pennsylvania Fire Ins. Co., 135 Wash 307, 237 P 707, which followed it, in so far as they are inconsistent with this opinion."

We are not disposed to interfere with the trial judge's finding of fact. He found that the tree was on the highway prior to the plaintiff's arrival, that the tree did not fall upon the plaintiff's car and that in attempting to avoid colliding with the tree, the plaintiff ran off the road and had a collision. It was the collision itself that was the direct cause of the damage.

We conclude that the trial court was correct in finding that the plaintiff had a collision and that there is no collision coverage under the policy.

Judgment affirmed.

DAVIS and ABRAHAMSON, JJ., concur.