The AMERICAN INSURANCE COMPANY, a corporation of the State of New Jersey, Defendant Below, Appellant,

v.

SYNVAR CORPORATION, Delaware Chemicals, Inc., Sales Research and Development Corporation, Atlantic Transport, Inc., Deemers Beach, Inc., all corporations of the State of Delaware, Samuel C. Cohen, and Anita Cohen, Plaintiffs Below, Appellees.

Supreme Court of Delaware.

Feb. 6, 1968.

See also, Del., 199 A.2d 755.

Roger Sanders, of Prickett, Ward, Burt & Sanders, Wilmington, for appellant.

Howard M. Handelman, of Bayard, Brill & Handelman, Wilmington, for appellees.

WOLCOTT, Chief Justice, CAREY, Justice, and MARVEL, Vice Chancellor, sitting.

WOLCOTT, Chief Justice.

This is an appeal from a declaratory judgment holding the American Insurance Company, a New Jersey corporation, liable to Synvar Corporation, a Delaware corporation, upon a comprehensive liability insurance policy for the payment of certain claims asserted by adjacent property owners against Synvar as a result of several explosions in Synvar's plant.

Synvar is in the business of processing phenolic resin which it receives in lump form and, after certain processing, crushes and pulverizes to a fine powder which is then packed in fibre drums for shipment. The pulverizing operation creates substantial amounts of dust.

In an attempt to control the dust thus created, Synvar installed a dust-collection system consisting of metal ducts through which dust-laden air is pulled and exhausted on the outside. The system includes cyclone dust collectors which are large metal containers equipped with baffles which cause the dust-laden air to move in a circular fashion, thus depositing the suspended dust in the bottom of the cyclone dust collector.

On the day in question, an explosion took place in a cyclone dust collector. The cause does not appear in the record. This explosion touched off later explosions of

the dust-laden air in the plant, itself. It was the subsequent explosions which caused the damage to the surrounding properties. Synvar claimed that its policy with American covered the loss, but American disclaimed coverage.

Under the pertinent part of the policy, American was obligated,

"D * * * To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident.

\* \* \* \* \* \*

"This policy does not apply:

\* \* \* \* \* \*

"(n) under coverage D, to injury to or destruction of any property arising out of (1) blasting or explosion, other than the explosion of air or steam vessels, piping under pressure, prime movers, machinery or power transmitting equipment. * * *."

The trial judge held that the cyclone dust collector was machinery within the meaning of paragraph (n) of the policy, and that, hence, the explosion taking place in the dust collector was a covered risk. This ruling is not questioned in this appeal.

He then held further that an explosion of dust-laden air was an excluded risk under the policy, but that since these explosions were proximately caused by the explosion in the dust collector, a covered risk under the policy, American was liable for ensuing damage. This ruling is urged in this appeal as error.

■ The policy before us is a Comprehensive Liability Policy. The risks insured against under such a policy are fixed by the unambiguous terms of the policy. The covered risks may not be extended by judicial construction to losses not expressly, or by necessary implication, within the coverage of the policy. 45 C.J.S. Insurance § 824; 29A Am.Jur., Insurance, § 1589; 7 Appleman, Insurance Law and Practice, § 4255.

The trial judge recognized the fact that the rights of the parties under this policy were to be determined by its express terms. The pertinent parts of the policy were then subjected to the following analysis:

Paragraph D required American to pay all damage by injury or destruction to property. There is, however, an exception in paragraph (n) excluding injuries to property by reason of explosion; this exception would exclude coverage in this case, but for an exception to this general exclusion of damage resulting from the "explosion of machinery"; thus, since the ultimate explosions were caused by the initial explosion in the dust collector, a machine, the effect is to neutralize the general exclusion of all explosions under these circumstances.

■ We think, in so doing, that the trial judge has rewritten the contract between the parties, and has increased the liability of American to an extent not bargained for by the parties. In effect, he has written out of the contract the exclusion of any liability for explosion, except for a limited field.

The instant case is to be distinguished from the ordinary fire insurance case. When a fire occurs, the insurer becomes, to the extent of the policy coverage, liable for all damage proximately caused by the fire. 5 Appleman, Insurance Law and Practice, § 3083. In the instant case, however, the parties agreed that the insurer would not be liable for loss occasioned by explosion, except for an explosion taking place in machinery. To hold American liable for damages caused by a noncovered risk set off by a covered risk is to render void the exclusion the parties bargained for. If, under such a policy, the measure of risk is to be determined by the rule of proximate cause, the result is to make the exclusion as to explosions a sterile gesture on the part of the insurer.

The parties bargained for the contract before us, and presumably the premium charged by the insurer was based upon this

bargain. They must, therefore, be made to stand upon the bargain. We will not permit it to be rewritten by judicial construction to effect a result imposing liability upon the insurer for a risk it expressly provided against.

We note the conclusion we have reached finds support in Commercial Standard Insurance Company v. Gilmore Gardner and Kirk Oil Company, 10 Cir., 157 F.2d 929; Maryland Casualty Company v. Morrison, 10 Cir., 151 F.2d 772, cert. den. 327 U.S. 783, 66 S.Ct. 684, 90 L.Ed. 1010; Fidelity and Casualty Company v. Palmer Hotel Company, 179 Ky. 518, 200 S.W. 923, L.R.A. 1918C, 808 and Bruener v. Twin City Fire Insurance Company, 37 Wash.2d 181, 222 P.2d 833, 23 A.L.R.2d 385. We are of the opinion that these cases reflect the proper view of the matter and accept them as persuasive authority.

The conclusion we have reached on the above question makes it unnecessary for us to pass on the further questions raised, viz., the propriety of taxing costs in preparation for trial and the award of counsel fees of the insured.

The judgment below is reversed.