[No. 47585–7.   En Banc.   January 7, 1982.]

FARMERS INSURANCE COMPANY OF WASHINGTON, *Respon–dent,* v. WILLIAM REES, *Appellant,* JOHN J. MCLEOD, ET AL, *Petitioners.*

*Gordon, Thomas, Honeywell, Malanca, Peterson & O'Hern,* by *James A. Furber,* for petitioners.

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson, P.S.,* by *Edward S. Winskill,* for respondent.

UTTER, J.—Petitioners, the McLeods, seek an award of attorneys' fees authorized by the terms of their policy with respondent Farmers Insurance Company of Washington for defending a declaratory judgment action brought by Farmers to determine the extent of its liability under certain insurance policies owned by the McLeods. We affirm the trial court and Court of Appeals refusal to award attorneys' fees.

A serious accident occurred on September 16, 1976, arising out of the operation of a mobile crane in the process of unloading concrete beams. The operator of the crane, William Rees, was employed by petitioner John McLeod. The injured party, Clifford Shriner, was employed by a trucking firm. At the time of the accident he was assisting in the unloading operation.

Following the accident, Shriner and his wife commenced a lawsuit for personal injuries for an amount in excess of $1 million. Rees and the McLeods were among the defendants named in the complaint.

The McLeods had their automobile and homeowner personal liability insurance with Farmers. After investigating the accident and interviewing the McLeods, Farmers denied coverage for Rees and the McLeods under these policies. Farmers did, however, continue to defend all of them under a reservation of rights.

Thereafter, Farmers commenced this declaratory judg-

ment action seeking an adjudication that there was no coverage under these policies for the accident. Subsequently, Liberty Mutual Insurance Company, insurer of William Rees' father's automobile and homeowner policies, was joined as an additional defendant. The trial court ultimately ruled coverage did exist on both Farmers' and Liberty Mutual's homeowner policies, but that the automobile policies did not cover the accident. There was sufficient coverage in the homeowner policies to settle the principal liability action commenced by the Shriners.

The McLeods and Rees then petitioned the court for an award of reasonable attorneys' fees incurred in defending Farmers' declaratory judgment action. Prior to argument on this petition, Rees settled with Liberty Mutual, which unlike Farmers, had refused to defend Rees in the action commenced by the Shriners until coverage had been adjudicated. The trial court ruled in favor of Farmers and denied reasonable attorneys' fees for McLeods' defense of the summary judgment action on coverage. The McLeods bring this appeal from that decision.

The only issue is whether the McLeods' homeowner policy provides for attorneys' fees for defending a declaratory judgment action brought by Farmers solely to determine the extent of its coverage, after Farmers had completed its defense of the McLeods in a liability action under a reservation of right.

We have consistently held that attorneys' fees are not recoverable in the absence of a statute, contract or equitable policy authorizing them. *Iverson v. Marine Bancorporation*, 86 Wn.2d 562, 546 P.2d 454 (1976). The McLeods argue that their policy provided for recovery of attorneys' fees incurred in defending Farmers' declaratory judgment action.[1] The McLeods rely solely on a provision of their homeowner policy addressing "Defense, Settlement,

---

[1] Although petitioners raised equitable grounds for awarding attorneys' fees in their petition for review, they briefed only the question of their contractual right to reasonable attorneys' fees.

Supplementary Payments", which states:

The Company will pay, in addition to the applicable limits of liability:

. . .

(d) *reasonable expenses incurred by the insured at the Company's request,* including actual loss of wages or salary (but not other loss of income) not to exceed $25 per day because of his attendance at hearings or trials.

(Italics ours.) They argue that their attorneys' fees in defending Farmers' declaratory judgment action were "reasonable expenses" incurred at "the request" of Farmers, since by bringing the suit Farmers in effect requested the McLeods to respond and defend.

Contrary to what Farmers argues, we have not considered whether, under the contractual terms involved in this case, an insured may recover attorneys' fees for defending a declaratory judgment action brought by its insurer after the insurer has defended the insured in the main liability action for damages. Our decision in *Rocky Mountain Fire & Cas. Co. v. Rose,* 62 Wn.2d 896, 385 P.2d 45, 1 A.L.R.3d 876 (1963), dealt with the same right to attorneys' fees but it did not involve a contractual provision relating to reasonable expenses incurred by the insured at the request of its insurer. *Rose* is helpful only by way of analogy, since the insurer there, as here, sought only to determine the extent of its liability under an insurance policy; it did not refuse to defend the insured.

Farmers and the McLeods both recognize that there is a split in authority as to whether an insured's attorneys' fees can be recovered for defending a declaratory judgment action by the insurer to determine coverage. *See* Annot., *Insured's Right To Recover Attorneys' Fees Incurred in Declaratory Judgment Action To Determine Existence of Coverage Under Liability Policy,* 87 A.L.R.3d 429 (1978). Nonetheless, this case is distinguishable in fact and reason from virtually *all* the cases that support the McLeods' theory.

The McLeods first cite authority for awarding attorneys'

fees to the insured in a declaratory judgment action commenced after the insurer had failed to fulfill its contractual duty under a policy to defend an action against the insured. *Security Mut. Cas. Co. v. Luthi,* 303 Minn. 161, 226 N.W.2d 878 (1975); 7C J. Appleman, *Insurance* § 4691 (1979). Here Farmers did defend the insured in the action brought by the Shriners and did not violate its contractual duty.

The McLeods next cite a number of cases granting attorneys' fees to the insured where the insurer brought a declaratory judgment action to determine *both* the extent of the policy's coverage and the extent of the insurer's duty to defend in an action against the insured. *Connecticut Fire Ins. Co. v. Reliance Ins. Co.,* 208 F. Supp. 20 (D. Kan. 1962); *Standard Accident Ins. Co. v. Hull,* 91 F. Supp. 65 (S.D. Cal. 1950); *Allstate Ins. Co. v. Robins,* 42 Colo. App. 539, 597 P.2d 1052 (1979); *Ohio Cas. Ins. Co. v. Terrace Enterprises, Inc.,* 260 N.W.2d 450 (Minn. 1977); *Upland Mut. Ins., Inc. v. Noel,* 214 Kan. 145, 519 P.2d 737 (1974); *Occidental Fire & Cas. Co. v. Cook,* 92 Idaho 7, 435 P.2d 364 (1967). One of these cases relies on Appleman, *supra,* in reaching its conclusion. *Allstate Ins. Co. v. Robins, supra.* Farmers did not seek a declaratory judgment regarding its duty to defend; it had already completed its defense of the McLeods in the action brought by the Shriners. The only issue adjudicated in the declaratory judgment action was Farmers' liability under the policies issued to the McLeods.

The McLeods cite no cases supporting an award of attorneys' fees under a policy provision such as the one before us and in a situation where the insured defends a declaratory judgment action brought by the insurer solely to determine the extent of its coverage under the policy.

■ The distinguishing factor in all the above cases—that the insurer failed to fulfill its contractual duty to defend the insured or that the insurer sought an adjudication of its contractual duty to defend the insured—is crucial. Attorneys' fees were awarded in those cases precisely because one of the issues in the declaratory judgment

action was the insurer's duty to defend. As such, an award of attorneys' fees was appropriate under a contractual provision that addresses the insurer's duty to defend and provides for supplemental payment to the insured of its "reasonable expenses incurred at the Company's request."[2]

Here, however, the declaratory judgment action does not involve the question of the insurer's duty to defend the insured. Since the only issue was one of coverage, justification for awarding the McLeods attorneys' fees under a provision that relates to the insurer's duty to defend seems strained and remote. *See American Motorists Ins. Co. v. E.R. Squibb & Sons, Inc.,* 95 Misc. 2d 222, 406 N.Y.S.2d 658 (1978).

With respect to an insurer who fails to defend in a liability action brought against the insured and then brings a declaratory judgment action against the insured, Appleman argues:

> If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above.

7C J. Appleman, *supra* at 283. We agree. Where an insurer can force the insured to bear the expenses of a declaratory judgment action to determine the insurer's duty to defend, the insured is "no better off financially" for having a contractual right to be defended by the insurer. Here the McLeods are financially burdened, but their burden does not relate to their contractual right to be defended; Farmers has already acquiesced in its defense of petitioners. The McLeods' financial risk is independent of their right to be defended. By bringing a declaratory judgment action

---

[2]The cases cited by Farmers in support of its argument, *Milwaukee Mechanics Ins. Co. v. Davis,* 198 F.2d 441 (5th Cir. 1952) and *Carroll v. Hanover Ins. Co.,* 266 Cal. App. 2d 47, 71 Cal. Rptr. 868 (1968), were cases in which the insurer refused to defend and brought a declaratory judgment action to determine its duty to defend. Under our analysis here, we would reach a different result; attorneys' fees should have been awarded as a reasonable expense supplemental to the insurer's contractual duty to defend.

against the McLeods solely to determine the extent of its coverage, Farmers did not take away with one hand that which it was contractually obliged to give with the other.

We embrace neither of the parties' interpretations of the policy provision in question. The McLeods argue that since the provision in the policy providing for payment to the insured of "reasonable expenses incurred . . . at the Company's request" (subparagraph (d) quoted *supra* at 682) is not restricted to expenses in "any defended suit" (as are subparagraphs (a) and (b)), the provision should be read to include all reasonable expenses regardless of how they arise. This is too broad. The reasonable expense must be *supplemental* to the insured's contractual right to be defended by the insurer.

Consequently, Farmers' argument that the term "expense" does not contemplate attorneys' fees is too narrow a reading of the provision. Attorneys' fees incurred by the insured in defending a declaratory judgment action brought by the insurer to determine its contractual duty to defend the insured are a "reasonable expense" supplemental to the insurer's contractual duty to defend the insured. No such supplemental reasonable expense occurred here.

Attorneys' fees are denied the McLeods both as to fees incurred at trial and on appeal.

BRACHTENBACH, C.J., ROSELLINI, DOLLIVER, HICKS, WILLIAMS, DORE, and DIMMICK, JJ., and CUNNINGHAM, J. Pro Tem., concur.

Reconsideration granted June 9, 1982.