[No. 21076–9–I.   Division One.   September 19, 1988.]

SAFECO INSURANCE COMPANY OF AMERICA, *Respondent,* v.
JAN V. HIRSCHMANN, ET AL, *Appellants.*

*John T. Petrie* and *Sylvester, Ruud, Petrie & Cruzen,*
for appellants.

*Terry Harvey* and *Gary Maehara,* for respondent.

WINSOR, J.—Safeco brought an action against its insureds, Jan Hirschmann and Evelyn McElmeel,[1] for a declaratory judgment that Safeco's "all–risk" homeowners policy did not cover their loss when their home was destroyed in a landslide. The trial court granted Safeco's motion for summary judgment and denied Hirschmann's cross motion for partial summary judgment. Hirschmann appeals.

Hirschmann's home was destroyed in a landslide on January 18, 1986, after an unusually severe wind and rain storm. The affidavit of William Shannon, an engineer, was submitted in support of Safeco's motion for summary judgment. Shannon stated that the landslide may have been precipitated by the unstable soil conditions created by the wind and rain of the storm, and that the primary cause of the landslide was the record rainfall that saturated the ground.

Safeco denied coverage under Hirschmann's all–risk homeowners policy based on the following exclusion,[2] which stated, in part:

"We do not cover loss caused by any of the following excluded perils, *whether occurring alone or in any sequence with a covered peril:*"

. . .
2. Earth Movement, meaning:
    a. earthquake; landslide; mudflow; earth sinking, rising or shifting; or
    b. flood or tidal wave; gaseous emission or acid rain;
    . . .

---

[1]For purposes of convenience, Mr. Hirschmann will be referred to herein as though he were the sole appellant.

[2]Safeco's letter to Hirschmann denying coverage mentioned other bases for the denial. On appeal, however, Safeco has only addressed the applicability of the earth movement exclusion. Therefore, we confine our review to the determination of whether the earth movement exclusion applies.

(Italics ours.) Safeco initiated a declaratory judgment action against Hirschmann to determine whether coverage extended to the loss. The court granted Safeco's motion for summary judgment denying coverage under the terms of the insurance contract, and denied Hirschmann's cross motion for partial summary judgment on the issue of coverage.

On appeal, Hirschmann contends that the trial court incorrectly analyzed the coverage issue in ruling on the cross motions for summary judgment. First, Hirschmann asserts that the trial court failed to adhere to recent Supreme Court decisions and utilize proximate cause analysis in the interpretation of Hirschmann's all–risk homeowners policy. Had the trial court done so, he contends, it would have determined that Hirschmann's loss was covered because a combination of wind and rain, rather than earth movement, was the proximate cause of Hirschmann's loss. In addition, Hirschmann contends that he is entitled to attorneys' fees incurred in defending against Safeco's declaratory judgment action.

Neither party contends that there is a genuine issue of material fact. Therefore, our review is confined to determining whether the facts require upholding the summary judgment as a matter of law. *Batdorf v. Transamerica Title Ins. Co.*, 41 Wn. App. 254, 257, 702 P.2d 1211, *review denied*, 104 Wn.2d 1007 (1985).

### "EARTH MOVEMENT" EXCLUSION

Hirschmann contends that the trial court erred in its determination that the "earth movement" exclusion precluded coverage for his loss. Hirschmann, relying on *Villella v. Public Employees Mut. Ins. Co.*, 106 Wn.2d 806, 725 P.2d 957 (1986), and *Graham v. Public Employees Mut. Ins. Co.*, 98 Wn.2d 533, 656 P.2d 1077 (1983), contends that a proximate cause analysis must be utilized to determine whether the cause of a loss is an insured peril. A combination of wind and rain, both of which are insured

perils, rather than "earth movement," an excluded peril, was the proximate cause of Hirschmann's loss.

Safeco responds that even if a combination of wind and rain caused Hirschmann's loss, the loss is nonetheless excluded from coverage. Safeco modified the language of the exclusion in response to *Graham.* Hirschmann's loss is not covered because the modification excludes from coverage all losses in which earth movement was one of the events in the chain of events resulting in a loss.

We agree with Hirschmann that *Graham* and *Villella* require us to engage in a proximate cause analysis in determining whether or not his loss is excluded from coverage. We are also persuaded that the language of the particular exclusion at issue does not nullify the conclusion that the proximate cause of Hirschmann's loss was a combination of wind and rain, which are insured perils under his all–risk policy.

In *Graham,* the court resolved a dispute between PEMCO and the insureds whose property had been destroyed by a mudflow created by the 1980 eruption of Mount St. Helens. The policies excluded

> loss resulting directly or indirectly from:
> . . .
> 2. Earth Movement. Direct loss by fire [or] explosion . . . resulting from earth movement is covered.
> 3. Water damage, meaning:
>     a. flood, . . .

*Graham,* 98 Wn.2d at 535. The insureds filed claims that were rejected on the basis that the loss was excludable because it resulted from "earth movement" in the form of mudflows or a combination of earth movement and water damage. In reversing the summary judgment in favor of PEMCO, the court overruled *Bruener v. Twin City Fire Ins. Co.,* 37 Wn.2d 181, 222 P.2d 833, 23 A.L.R.2d 385 (1950), and held that the *Bruener* "immediate physical cause analysis" was no longer appropriate for determining whether a loss resulted from a covered peril. Instead, the

proximate cause of the loss is to be the reference point for determining coverage.

The court's analysis in *Villella v. Public Employees Mut. Ins. Co., supra,* is similar. Villella, the insured, sought a declaration that his two homeowners policies covered damage sustained when the foundation of his house shifted. Villella claimed that negligence in the installation of a drainage system caused the foundation problem. The earth movement exclusion was similar to that in the policy in *Graham.* It stated, in part:

> We do not cover loss resulting directly or indirectly from:
>
> . . .
>
> 2. Earth Movement. Meaning any loss caused by, resulting from, *contributed to or aggravated by*:
> a. earthquake, landslide, mudflow, earth sinking, rising or shifting . . .

(Italics ours.) *Villella,* 106 Wn.2d at 809. The trial court granted PEMCO's motion for summary judgment.

In its determination of the applicability of the earth movement exclusion, the *Villella* court applied the *Graham* proximate cause analysis. The court rejected PEMCO's assertion that the earth movement exclusion precluded recovery, even if an insured peril may have been the efficient proximate cause of Villella's loss. PEMCO's argument was based on the definition of excluded "earth movement" loss as "any loss *contributed to or aggravated by* earth sinking, rising, or shifting." *Villella,* 106 Wn.2d at 817. PEMCO asserted that if earth movement contributed to the loss, even slightly, coverage for the loss was precluded. The court rejected the argument, noting that the same argument had been raised and rejected in other jurisdictions adopting the "efficient proximate cause" rule of insurance coverage. The court concluded that on remand, if the finder of fact were to find that the efficient proximate cause of the loss was a negligently constructed drainage system, the earth movement exclusionary clause would *not*

exclude coverage, despite the fact that earth movement contributed to or aggravated the loss.

In this case, Safeco makes an argument similar to that made by PEMCO and rejected by the court in *Villella*. The language preceding the enumeration of excluded perils states that the policy does not cover "loss caused by any of the following excluded perils, *whether occurring alone or in any sequence with a covered peril*". (Italics ours.) Safeco contends that if earth movement is one of the factors in a chain of events that culminates in a loss, there will be no coverage for that loss, even though the other factors were covered.

Safeco changed the language of the exclusionary clause to its present formulation in response to *Graham* and California cases regarding concurrent causation. The purpose was to circumvent the proximate cause analysis imposed by *Graham* and to clarify that, with limited exceptions, Safeco's all-risk policy did not cover any losses involving earth movement. When the policy was changed, Safeco also sent a notice advising its policy holders that "under no circumstances does this policy insure losses involving: . . . earth movements". Safeco's purpose in modifying the exclusion is clear; the language prefacing the exclusions is an attempt to exclude from coverage losses connected with certain perils no matter how insignificant those perils may have been to the loss.

█ Although the court in *Graham* and *Villella* did not articulate its holdings in terms of public policy, public policy concerns are implicit in the two decisions. In *Wyatt v. Northwestern Mut. Ins. Co.*, 304 F. Supp. 781 (D. Minn. 1969), *cited with approval in Villella*, 106 Wn.2d at 819, the proximate cause of the loss was allegedly the negligence of those excavating contiguous property, which in turn, resulted in a landslide. The court noted:

> This gives some force to the view that the various exclusions [pertaining to phenomena likely to affect great numbers of people when they occur] were not intended to cover the situation as here where "earth movement"

> occurred under a single dwelling, allegedly due to human action of third persons in the immediate vicinity of the damage. It seems hard to contend that the insurance policy meant to exclude all earth movements, for it is difficult to distinguish between a situation where a piece of heavy equipment breaks loose and hits a house causing serious damage and a situation where that equipment instead hits only an embankment next to a house but causes the earth to move and thereby damages the house. Certainly not all earth movements, or at least those where some human action causes such are included in the exclusion.

304 F. Supp. at 783. Although this language supported the court's conclusion that there was an ambiguity in the exclusion which must be construed in favor of the insured, it may serve to buttress the Supreme Court's policy determination that a loss resulting from earth movement should be excluded only if the earth movement proximately causes the loss, not if it is coincidentally one of the events in a chain of events resulting in a loss.

We conclude that the language in Safeco's exclusionary clause does not preclude coverage for Hirschmann's loss. The language of Safeco's new exclusionary clause, declaring that excluded perils are not covered, "whether occurring alone or in any sequence with a covered peril," is functionally similar to the "direct or indirect" language in the exclusionary clause in *Graham,* and the "caused by, resulting from, contributed to or aggravated by" language from the exclusionary clause in *Villella.* The language in the policy at issue attempts to exclude losses connected with certain perils no matter how insignificant those perils may have been to the loss. The lesson of *Graham* and *Villella* is that the court must look beyond the occurrence of a loss in which an excluded peril is one of the events in the sequence of events precipitating the loss to determine the proximate cause of the loss.

As a general rule, the question of proximate cause is for the jury, and it is only when the facts are undisputed and the inferences to be drawn from those facts are plain

and incapable of reasonable doubt or difference of opinion that it may be a question of law for the court. *Graham,* 98 Wn.2d at 539. In this case, the uncontradicted evidence is that the "primary" cause of the landslide was the severe wind and rain storm that preceded the slide. Proximate cause is that cause "'which, in a natural and continuous sequence, unbroken by any new, independent cause, produces the event, and without which that event would not have occurred'." *Graham,* 98 Wn.2d at 538 (quoting *Stoneman v. Wick Constr. Co.,* 55 Wn.2d 639, 643, 349 P.2d 215 (1960)). Where a peril specifically insured against sets other causes in motion which, in an unbroken sequence and connection between the act and final loss, produce the result for which recovery is sought, the insured peril is regarded as the proximate cause of the entire loss. *Stoneman v. Wick Constr. Co., supra.* Applying these standards to the uncontroverted facts, we conclude that a combination of wind and rain was the proximate cause of Hirschmann's loss. Losses from wind and rain are not excluded under Hirschmann's all–risk policy. Therefore, we conclude that the trial court erred in granting summary judgment for Safeco and denying partial summary judgment to Hirschmann. Hirschmann is entitled to judgment that, as a matter of law, his loss resulted from insured perils under his all–risk homeowners policy.

In light of our resolution of the principal substantive issue, we need not reach Hirschmann's other assignments of error going to the merits of the case.

## ATTORNEYS' FEES

Hirschmann contends that under the following provision of his insurance policy, he is entitled to reimbursement of his attorneys' fees for defending the declaratory judgment action:

We cover the following in addition to the limits of liability:

1. Claim Expenses. We pay:

. . .

    c. reasonable expenses incurred by any insured at our request, including actual loss of earnings (but not loss of other income) up to $50 per day, for assisting us in the investigation or defense of any claim or suit.

Safeco responds that although reimbursement of attorneys' fees is appropriate when the fees are incurred in actions adjudicating the contractual duty to defend, it is not appropriate in cases in which the fees are incurred in resolving disputes as to coverage.

In *Farmers Ins. Co. v. Rees,* 96 Wn.2d 679, 638 P.2d 580 (1982), Farmers sought a declaratory judgment as to the extent of its liability under policies issued to the insured. The policies contained provisions identical for our intents and purposes to the claims expenses provision in Hirschmann's homeowners policy. The court ruled that the provision covered fees and expenses arising out of actions to determine a contractual duty to defend, but not in a declaratory judgment action to determine coverage. *Rees,* 96 Wn.2d at 684. *Rees* is dispositive on this issue. Hirschmann is not entitled to attorneys' fees.

The order of summary judgment denying coverage is reversed and the case is remanded with instructions to enter partial summary judgment for Hirschmann on the issue of coverage.

WILLIAMS, J., and SCHUMACHER, J. Pro Tem., concur.

Review granted by Supreme Court January 10, 1989.