BORIS PRED, APPELLEE, v. EMPLOYERS INDEMNITY
CORPORATION, APPELLANT.

FILED MAY 8, 1924.   No. 22754.

1. **Insurance: LIABILITY:   LOSS BY COLLISION.** Where a policy of insurance insures the owner against loss or damage to his automobile by collision, and limits the use of the car to "any driver, pleasure or business. No commercial delivery," the insurer is liable for a loss by collision occurring when the car is being operated by one not authorized by the owner, if not at the time being used in commercial delivery.

2. ————: ————: ————. When an automobile, while being driven along the highway, is driven against an embankment alongside of and adjacent to the highway with such force as to cause it to be overturned and wrecked, the injury resulting to the car is caused by a collision, within the meaning of the terms of an insurance policy, which insures against loss or damage by "collision with another object, either moving or stationary." An embankment adjacent to the highway is an object, within the meaning of the clause quoted.

APPEAL from the district court for Douglas county: JAMES M. FITZGERALD, JUDGE. *Affirmed.*

*Dressler, Neely & Morehouse,* for appellant.

*Monsky, Katleman & Grodinsky, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE, DAY and GOOD, JJ.

GOOD, J.

In an action on a policy for collision insurance, plaintiff recovered a judgment for damages to his automobile, occasioned by coming in contact with an embankment at the side of a highway on which the car was being operated. Defendant appeals.

Two questions are presented for determination, both of which are dependent upon the interpretation to be placed upon the terms of the policy. Defendant denies liability on these grounds: (1) Because the collision occurred while the automobile was being operated by one who had no authority to operate it. (2) The fact that the automobile left the highway and ran into an embankment adjacent thereto did not constitute a collision, within the meaning of the terms of the policy.

Without the consent or knowledge of the plaintiff, an employee in a public garage where the automobile was stored took the car for his personal use and pleasure, and, while driving at a speed of from 30 to 40 miles an hour on the highway, came to a right-angle turn, which he was unable to negotiate and drove the car off of the highway

into a ditch or gully and against the embankment on the further side thereof. When the car struck this embankment, it turned over and was wrecked and rendered almost valueless.

The policy contains the following provision: "In consideration of * * * $129, of the statements forming a part of the policy to which this certificate is attached, and of the additional statements herein contained and subject to the terms, exclusions, conditions and agreements of the policy, * * * does hereby agree to indemnify the assured * * * against actual loss or damage to any of the automobiles herein described, including its operating equipment while attached thereto, if sustained within the period covered by this certificate, and if caused solely by accidental collision with another object, either moving or stationary; subject further to the following:" Then follow provisions excluding liability for loss or damage by fire, or while the automobile is being driven in any race or speed contest, or while being operated by any person contrary to law as to age, or by any person under the age of 16 years; also excluding loss or damage while rented to others or used to carry passengers for a consideration, or while used for towing purposes, or while used for any other purpose than that specified in the schedule. Then follows descriptive matter of the insured car, and, under the following heading, "Only purpose for which automobiles are to be used," appears the following: "Any driver, pleasure or business. No commercial delivery."

Defendant argues that, because insurance contracts are personal in their nature and character, the policy should be construed to cover the loss by collision only while being operated by the owner or by some person by him authorized; that the insurance company, in taking applications for insurance, may investigate the proposed risk, and, if it finds the car owner a careful, prudent man in the operation of the car and in the selection of persons authorized to operate it, that it may elect to accept the risk, and, on the other hand, if it finds from investigation that he is a careless driver, or is not careful and prudent in the selection

of persons authorized to drive the car, that it may decline to write the insurance.

We readily grant that the contract of insurance is personal, but we fail to see how that has any application to the situation in hand. If some other person than the one insured were seeking to recover, as, for instance, one to whom the insured had transferred the car and attempted to transfer the insurance without the consent of the company, then of course the plea that the contract was personal would be applicable; but the question presented here is whether the terms of the policy exclude liability of the company if a collision occurs while the car is being operated by an unauthorized driver. That question must be determined from the terms of the policy itself. The language therein used is "any driver." There is no limitation or restriction.

*Dixon v. Western Union Telegraph Co.,* 68 Fed. 630, is cited and relied upon as justifying the interpretation that the words "any driver" mean any authorized driver. In that case an employee, under a statutory provision, sought to recover damages for personal injury resulting from his own acts. The statute provided that the employer "shall be liable in damages for personal injury suffered by any employee while in its service, * * * where such injury resulted from the act or omission of any person." And it was held that the statute did not impose liability upon the employer for any act or omission of the person injured. While in that case it was held that the language was sufficiently broad, in itself, to embrace every person, the court interpreted the statute as intending to deprive the employer of the defense of negligence of a coemployee or fellow servant, and, with this thought in view, it held that the statute did not authorize a recovery where the injury resulted from the act or omission of the person injured.

It is a familiar rule that, if there be any ambiguity in a provision of an insurance policy, it shall be most favorably construed in favor of the insured, and not of the insurer,

because the latter is the one that formulates and prepares the contract of insurance and dictates its terms.

We think the provision in the policy is plain and unambiguous. By its terms it insures against loss if a collision occurs while the car is being operated by any driver. To interpret the contract to mean that it does not insure against loss while the automobile is being operated by an unauthorized driver would be to read into it a provision which the parties to the contract had the power and the right to insert therein, but failed to do so. We are powerless to make a new contract for the parties, or to insert therein a provision which they did not assent to. The court can only enforce the contract actually made by the parties to it.

Defendant's argument assumes that it is liable for loss occasioned by collision only while the car is being operated, but this is not the condition stipulated for by the parties. A collision might occur while the insured car was standing still and not being operated by any person. If some other person operating a vehicle should carelessly or recklessly run into or against the insured car while it was standing still and not being operated by any one, we have no doubt that the insurer would be liable for the resulting damage.

It is earnestly urged that there was no collision, within the meaning of the terms of the policy, and that the overturning of the car was the cause of the injury to it. The evidence shows that the car first ran against the embankment at the roadside, and that the impact or collision with the embankment caused the car to overturn and be wrecked. Cases are cited which hold that injuries to cars did not result from a collision where the car fell over an embankment along the highway, and where a car skidded in loose gravel, overturned and was injured. Whatever may be said of those cases, they are not applicable to the situation in hand. It was the collision with the embankment which caused the overturning of the car and the consequent injury to it. The embankment was an object, within the meaning of that term as used in the policy. Numerous cases, quite similar to the one under consideration, have been before the courts,

and they generally accord with the conclusion here reached. These cases may be found collated in a note to *Interstate Casualty Co. v. Stewart* (208 Ala. 377) 26 A. L. R. 427, 429, and in a note to *Universal Service Co. v. American Ins. Co.* (213 Mich. 523) 14 A. L. R. 183, 188.

We find no error ·in the record, and the judgment is accordingly

AFFIRMED.

Note—See Motor Vehicles, 28 Cyc. p. 50 (1924 and 1925 Ann.).