McBRIDE, Judge.
This appeal presents an action on a policy of collision insurance issued by defendant to plaintiff on the latter’s 1950 Ford automobile. Exceptions of no right or cause of action filed by defendant were maintained below, and the suit was dismissed. Plaintiff appeals.
The policy was issued for a premium of $33, which plaintiff paid, and which covers the car against the perils of collision or upset to the extent of its actual cash value less '-‘$100.00 deductible.”
Plaintiff alleged that the automobile was demolished by collision and he has sustained a total loss.
The theory upon which the exceptions of no right or cause of action are grounded is that the insurance coverage does not extend to the damage sustained by the automobile because plaintiff alleged that when the collision occurred the automobile was in the possession of a thief who had stolen it from him. Exceptor argues that it was never the intention of the parties that the policy protect the insured against loss sustained by the car during its possession by the thief; that the damage did not accrue from “collision or upset” as contemplated by the policy but as a result of the theft of the vehicle; that there was no “direct and accidental” loss or damage to the automobile since all damage “occurred through the machinations of the thief which were deliberate”; that the contract contains a stipulation to the effect that the purposes for which the automobile is to be used are “business and pleasure,” and, therefore, the *912 vehicle when damaged was not being put to either of those uses.
We perceive no validity in any of the contentions defendant advances and they merit little or no discussion.
The pertinent insuring clauses of the policy read:
“Coverage B-Collision or Upset: To pay for direct and accidental loss of or damage to the automobile, hereinafter called loss, caused by. collision of the automobile with another object or by upset of the automobile, but only for the amount of each such loss in excess of the deductible amount, if any, stated in the declarations as applicable hereto.”
These provisions are perfectly plain and free from ambiguity, and under them the defendant undertook to pay plaintiff for direct and accidental loss or damage to the automobile when caused by collision with another object or by the upset of the car. To interpret the contract so as to accord to it the meaning that there would be no insurance coverage if the loss occurs while the automobile is in the custody or possession of an unauthorized person would be to insert provisions into the policy which are not to he found therein. We are powerless to do this as we have no right or authority to write or make a new contract for the parties. We note that defendant meticulously inserted into the contract nine exclusions from liability for loss or damage which may accrue under certain enumerated circumstances, but no mention is made of an exclusion of liability in the case of damage by collision or upset occurring during the control of the vehicle by an unauthorized person. Loss under that circumstance not being excluded from liability, it must therefore be deemed embraced within the coverage afforded by the insurance.
The insured automobile was destroyed by collision. The policy without qualification insures plaintiff against loss by reason of collision or upset as stated in Coverage B. Thus the policy is the contract between the parties and the rules established by LSA-C.C. art. 1945 et seq. are applicable with reference to its interpretation. Accordingly, if the language of the policy is clear and unambiguous, as we find it to be, the agreement must be enforced as written. But even if it could be said there is any doubt whether the loss is covered where a thief has possession of the car, then the doubt should be most favorably construed in favor of the insured and not of the insurer because the latter drafted the policy, was the author of all of the stipulations thereof, and dictated its terms. See Albritton v. Fireman’s Fund Ins. Co., 224 La. 522, 70 So.2d 111.
It is obvious that the plaintiff’s petitions set forth both a right and cause of action and the exceptions should have been overruled.
It might be mentioned that the precise point decided by us has never been passed upon by any court in Louisiana before, so far as we can learn, but courts of other jurisdictions have passed on the question in the following cases: Pred v. Employers’ Indemnity Corporation, 112 Neb. 161, 198 N.W. 864, 35 A.L.R. 1003; International Indemnity Co. v. Duncan, Tex.Civ.App., 254 S.W. 233; Hartford Fire Ins. Co. v. Owens, Tex.Civ.App., 272 S.W. 611. The holding in each one of these cases is adverse to the contention of the defendant.
We make no decision as to what would be the rights of a claimant under the circumstances of this case under a policy of insurance which stipulates both for theft and collision insurance coverage.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that the exceptions filed by defendant be and the same are hereby overruled, and the case is remanded to the court below for further proceedings in accordance with law. The defendant is cast for the costs of this appeal ; all other costs are to await a final determination of the case.
Reversed and remanded.