827 So.2d 597 (2002)
Jody LANTIER
v.
STATE FARM MUTUAL AUTO. INS. CO., et al.
No. 02-0301.
Court of Appeal of Louisiana, Third Circuit.
October 2, 2002.
Frank M. Walker Jr., Plauche, Smith & Nieset, Lake Charles, LA, for State Farm Mutual Auto Ins. Co., Darlyne Allain.
Barry A. Roach, Attorney at Law, Lake Charles, LA, for Jody Lantier.
Court composed of BILLIE COLOMBARO WOODARD, OSWALD A. DECUIR, and MICHAEL G. SULLIVAN, Judges.
DECUIR, Judge.
Darlyne Allain rear-ended a vehicle being driven by Joey Lantier. Joey was operating an insured vehicle owned by his sister, Jody Lantier. Joey was an excluded driver on Jody's policy. We are asked to decide if Jody must forfeit the first $10,000.00 of her property damage claim, based on the provisions of La.R.S. 32:866(A)(1).

FACTS
On August 14, 2000, Jody Lantier owned a 1990 Geo Prism. Jody had loaned the vehicle to her mother, who paid the note and insurance premiums. The vehicle was insured by Safeway Insurance Company of Louisiana. Joey Lantier was listed as a *598 driver excluded from coverage. Nevertheless, Joey took the vehicle to run some errands and was rear-ended by Allain causing property damage to Jody's vehicle requiring that it be totaled.
Allain had a liability policy with State Farm Mutual Automobile Insurance Company. State Farm refused to pay Jody for her vehicle, so she filed this suit. State Farm filed a motion for summary judgment based upon La.R.S. 32:866. The trial court granted the motion for summary judgment, and Jody lodged this appeal.

DISCUSSION
Appellate courts review summary judgments de novo under the same criteria that govern the trial judge's consideration of whether a summary judgment is appropriate. Schroeder v. Board of Sup'rs of Louisiana State Univ., 591 So.2d 342 (La. 1991). The mover is entitled to judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with supporting affidavits, if any, show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B).
Louisiana Revised Statute 32:866 provides in pertinent part:
866. Compulsory motor vehicle liability security; failure to comply; limitation of damages
A. (1) There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
State Farm argues that this court's interpretation of the statute in Jasper v. Progressive Insurance Co., 99-1479 (La.App. 3 Cir. 2/9/00); 758 So.2d 848, applies to this case. In Jasper, the plaintiff was rearended while operating an uninsured vehicle owned by another person. We found that the statute barred recovery by the plaintiff because he was the "operator" of an uninsured vehicle.
Jody argues that Jasper is different factually because she maintained insurance on the vehicle in this case. She argues that A.K. Durnin Chrysler Plymouth, Inc. v. Jones, 01-0810 (La.App. 1 Cir. 5/10/02); 818 So.2d 867, is more factually on point. In Durnin, a vehicle owned by Katherine Jones and being operated by James Jones was struck by a vehicle operated by Trina Vinsang. Katherine Jones' policy specifically excluded coverage for James Jones. The first circuit found that La.R.S. 32:866 did not apply to bar Katherine Jones' claim to recover for property damage to her vehicle despite the fact that her vehicle was in effect uninsured by virtue of its operation by an excluded driver.
While Durnin is more factually similar to the case at bar than is Jasper, we are not bound by a decision of the first circuit and cannot agree with an interpretation of the statute that allows a party to recover their damages when they have excluded a person from coverage on their policy and then allowed that person to operate the vehicle. Such an interpretation is in contravention of the legislative intent of reducing the number of uninsured motorists on the highways and leads to absurd consequences.
Accordingly, we find that under the facts of this case, Jody was the owner of what was in effect an uninsured vehicle and, as such, her claim for property damage to her vehicle is barred by application of La.R.S. 32:866. The trial court properly granted *599 summary judgment in favor of State Farm.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of these proceedings are taxed to appellant, Jody Lantier.
AFFIRMED.
WOODARD, J., concurs and assigns written reasons.
WOODARD, J., concurring.
I believe in order to find that Jody's vehicle was, in effect, "an uninsured vehicle and, as such, her claim for property damage to her vehicle is barred by application of La.R.S. 32:866," as the majority has found, one must ascertain whether she gave her brother permission to drive her vehicle, which she had entrusted to her mother. There is not enough in the record to demonstrate Jody's express permission; thus, the question becomes whether permission was implied, which involves her intent. While jurisprudence is well settled that determining intent on summary judgment is rarely appropriate,[1] generally, implied permission "arises from a course of conduct by the named insured involving acquiescence in, or lack of objection to, the use of the vehicle."[2] (Emphasis added.) Her statement, that it would not have bothered her for her brother to use her car, shows a lack of objection.
NOTES
[1] Viator v. P & A Well Serv. Inc., 615 So.2d 51 (La.App. 3 Cir.1993).
[2] Francois v. Ybarzabal, 483 So.2d 602, 605 (La.1986).