864 So.2d 675 (2003)
Virginia McCRAY
v.
Geno Wesley JENKINS, Maurice Jenkins and Allstate Insurance Company.
No. 03-CA-539.
Court of Appeal of Louisiana, Fifth Circuit.
December 9, 2003.
*676 John F. Greene, New Orleans, LA, for Virgina McCray, Plaintiff-Appellee.
James L. Donovan, Jr., Donovan & Lawler, Metairie, LA, for Geno Wesley Jenkins, Maurice Jenkins and Allstate Insurance Company, Defendant-Appellant.
Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS, SUSAN M. CHEHARDY, CLARENCE E. McMANUS and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This case arises from a motor vehicle accident that occurred on September 16, 2000, on Interstate 10 in Jefferson Parish. Geno Jenkins was operating a vehicle owned by Maurice Jenkins, and Stacy McCray was operating a vehicle owned by his wife, Virginia McCray, when the Jenkins vehicle struck the McCray vehicle from behind. Virginia McCray was riding as a guest passenger in her vehicle at the time of the accident. The parties stipulated that Geno Jenkins was solely at fault in the accident.
At the time of the accident, Geno Jenkins was insured by a policy of motor vehicle liability insurance issued by Allstate Insurance Company. Stacy McCray did not have a valid driver's license or motor vehicle liability insurance at the time of the accident. Virginia McCray had a policy of motor vehicle liability insurance with Young American Insurance Company, but this policy contained a named driver exclusion which specifically excluded insurance coverage under the policy for use or operation of the vehicle by Stacy McCray.
On May 31, 2001, Virginia McCray filed suit against Geno Jenkins, Maurice Jenkins, and Allstate Insurance Company seeking to recover for property damage and injuries she sustained in the accident. The defendants answered the petition asserting that the plaintiffs were not entitled to $10,000.00 credits for bodily injury and property damage claims, pursuant to LSA-R.S. 32:866, commonly referred to as the "no pay, no play" statute, because the McCray vehicle was not insured at the time of the accident.
The matter came to trial on December 3, 2002. In lieu of live testimony, the parties submitted a joint stipulation of facts and a number of exhibits to the court. On December 23, 2002, the trial court rendered a judgment in favor of the plaintiff for $14,890.65, plus interest and costs, finding that the "no pay, no play" provision in LSA-R.S. 32:866 did not apply in this case. It is from this judgment that Allstate appeals.

*677 DISCUSSION

On appeal, Allstate argues that the trial court erred in failing to apply LSA-R.S. 32:866 to this case and in failing to determine that Virginia McCray did not maintain compulsory motor vehicle liability insurance on her vehicle at the time of the accident. We agree.
LSA-R.S. 32:866(A)(1) provides:
There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security.
In A.K. Durnin Chrysler Plymouth, Inc. v. Jones, 01-810 (La.App. 1 Cir. 5/10/02), 818 So.2d 867, the First Circuit addressed the applicability of LSA-R.S. 32:866(A)(1) to a similar factual situation. In Durnin, a vehicle owned by Darrell King and operated by Trina Vinsang struck a vehicle owned by Katherine Jones and operated by her husband, James Jones. Katherine Jones' liability insurance policy specifically excluded coverage for James Jones. The First Circuit held that the "no pay, no play" provision in LSA-R.S. 32:866 did not apply in that situation, finding that the exclusion of her husband, James Jones, from her liability insurance policy did not change the fact that Katherine Jones obtained a liability policy and complied with the compulsory motor vehicle liability security law. Id. at 872.
In Lantier v. State Farm Mut. Auto. Ins. Co., 02-301 (La.App. 3 Cir. 10/2/02), 827 So.2d 597, the Third Circuit addressed this issue as well, but reached a different result than the First Circuit. In Lantier, Joey Lantier was operating a vehicle owned by his sister, Jody Lantier, when he was rear-ended by a vehicle driven by Darlyne Allain. At the time of the accident, Joey Lantier was specifically listed as an excluded driver on Jody Lantier's liability insurance policy. The Third Circuit declined to follow the First Circuit's decision in Durnin and found that LSA-R.S. 32:866(A)(1) applied to the facts of the case. The Court stated, "we are not bound by a decision of the first circuit and cannot agree with an interpretation of the statute that allows a party to recover their damages when they have excluded a person from coverage on their policy and then allowed that person to operate the vehicle." Id. at 598.
Virginia McCray asserts that the trial court was correct in following the holding of Durnin, while Allstate argues that the holding in Lantier should apply. We agree with the holding in Lantier.
LSA-R.S. 32:861 requires motor vehicles registered in this state to be covered by a liability insurance policy, a liability bond, or a certificate of self-insurance. Williams v. U.S. Agencies Casualty Ins. Co., 00-1693 (La.2/21/01), 779 So.2d 729, 731. LSA-R.S. 32:900(L) was enacted in order to allow the named insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a covered vehicle is operated by an excluded driver. Id. Although LSA-R.S. 32:900(L) permits an insurer and insured to specifically exclude the named insured's spouse or other household member from coverage under a policy, this statute does not permit the owner of a vehicle to allow a person, who has been specifically excluded from liability coverage, to operate the vehicle.
The purpose of LSA-R.S. 32:866 is to discourage the operation of uninsured vehicles. Gibbs v. State Farm Mutual *678 Auto. Ins. Co., 99-1242 (La.App. 4 Cir. 10/13/99), 746 So.2d 685, 686, writ denied, 99-3234 (La.1/14/00), 753 So.2d 220. LSA-R.S. 32:866 has been commonly referred to as the "no pay, no play" provision because "if a motorist fails to pay for liability coverage to protect others, he cannot `play' in the legal system, at least to the collection of his first $10,000 [in] damages." Progressive Security Ins. Co. v. Foster, et al., 97-2985 (La.4/23/98), 711 So.2d 675, 679. In the present case, Virginia McCray specifically excluded her husband, Stacy McCray, from coverage under her policy. Therefore, she did not pay for liability coverage to protect others when Mr. McCray was driving. However, on September 16, 2000, she allowed Mr. McCray to drive her vehicle, knowing that the vehicle was not covered by her liability insurance policy.
We find that LSA-R.S. 32:866(A)(1) applies to this situation, because Ms. McCray did not have liability coverage for her vehicle when Mr. McCray drove it with her permission. Applying this statute to the facts of this case, we find that Ms. McCray is barred from recovering the first $10,000.00 of her bodily injury claim and the first $10,000 of her property damage claim. Accordingly, we find that Ms. McCray is not entitled to the $2,012.55 she sustained in property damage and towing expenses. We further find that the total award of $12,150.10 for general damages and medical expenses shall be reduced by $10,000.00 for a total of $2,150.10. Ms. McCray is entitled to retain her award of $728.00 for lost wages.[1]

DECREE
For the reasons set forth above, we reverse the trial court's ruling that LSA-R.S. 32:866(A)(1) is not applicable to this case, because this provision does in fact apply. We find that Ms. McCray is not entitled to the first $10,000.00 of her bodily injury claim and property damage claim. Therefore, we hereby amend the judgment, and reduce her award from $14,890.65 to $2,878.10.
REVERSED IN PART; AMENDED IN PART AND AFFIRMED AS AMENDED.
EDWARDS, J., Dissents with Reasons.
EDWARDS, J., Dissents.
Insofar as the majority opinion agrees with the holding in Lantier v. State Farm, supra, both ignore, in my opinion, the plain wording of R.S. 32:866. As the court in A.K. Durnin Chrysler-Plymouth Inc. v. Jones, supra pointed out, the starting point in the interpretation of any statute is the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written, and its letter shall not be disregarded in search of the intent of the legislature or under the pretext of pursuing its spirit.
In my opinion, it is clear that the statute applies to exclude recovery for the first ten thousand dollars of damages for the uninsured owner or operator who attempts to make a claim. Virginia McCray was insured. In the present case, the insured is the injured party seeking to be reimbursed *679 for her injuries. The fact that Virginia McCray specifically excluded Stacy, who later became her spouse, from her policy does not change the fact that she obtained a liability policy in conformity with La. R.S. 32:900, nor does it alter her compliance with the compulsory motor vehicle liability security law.
To follow the interpretation of the majority is to penalize any innocent yet injured passenger of an uninsured driver, under any circumstances, regardless of whether the uninsured motorist is at fault in an accident. This result does not serve any public purpose of which I am aware.
For the above reasons, I respectfully dissent.
NOTES
[1] In its brief, Allstate states that the property damage award rendered by the trial court was $2,740.55, apparently adding the property damage and towing expenses award to the lost wages award. However, the trial court separately awarded $2,012.55 in property damage and $728.00 in lost wages. Lost wages are not part of an award for property damage. We find that Ms. McCray is entitled to retain her award for lost wages, because LSA-R.S. 32:866(A)(1) does not require reduction of an award for lost wages, and Allstate has not assigned the trial court's award of lost wages as error.