862 So.2d 446 (2003)
Marolyn W. BRYANT, Plaintiff-Appellee,
v.
UNITED SERVICES AUTOMOBILE ASSOCIATION and Robertnique W. Williams, Defendants-Appellants.
No. 37,926-CA.
Court of Appeal of Louisiana, Second Circuit.
December 10, 2003.
Nelson, Zentner, Sartor & Snellings by Thomas G. Zentner, Jr., Monroe, for Appellants.
Street & Street by C. Daniel Street, Monroe, for Appellee.
Before BROWN, CARAWAY, and MOORE, JJ.
BROWN, C.J.
Plaintiff, Marolyn W. Bryant, owned a 1990 Ford Mustang with insurance coverage purchased from Direct General Insurance Company ("DGIC"). The policy excluded from coverage her 17-year-old son, Justin Bryant, who was a resident of her household. On October 26, 2002, Justin was driving the Mustang on Highway 167 in Jonesboro, Louisiana, when he was hit by defendant, Robertnique Williams, who ran a red light. Ms. Williams was insured by defendant-appellant, United Services Automobile Association ("USAA").
Plaintiff filed a petition for damages, alleging that the sole and legal cause of the accident was Ms. Williams' negligence, that the value of her vehicle was $5,000, and that it was rendered a total loss. Defendants answered plaintiff's petition by alleging that La. R.S. 32:866, the "no pay/no play" law, precluded payment because plaintiff's son was expressly excluded from plaintiff's insurance policy issued by DGIC. Thereafter, the trial judge granted plaintiff's motion for summary judgment, holding that defendants cannot deny coverage on the basis of the "no pay, no play" law, as plaintiff's vehicle was insured for purposes of La. R.S. 32:866. We affirm.

Discussion
A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, *447 show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(B).
The interpretation of a statute is a question of law that may be decided by summary judgment. In reviewing questions of law, the appellate court gives no special weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. Cohort Energy Co. v. Caddo-Bossier Parishes Port Commission, 37,449 (La.App.2d Cir.08/20/03), 852 So.2d 1174.
La. R.S. 32:866, the so-called "no pay, no play" provision, provides in pertinent part:
There shall be no recovery for the first ten thousand dollars of bodily injury and no recovery for the first ten thousand dollars of property damage based on any cause or right of action arising out of a motor vehicle accident, for such injury or damages occasioned by an owner or operator of a motor vehicle involved in such accident who fails to own or maintain compulsory motor vehicle liability security. La. R.S. 32:866(A)(1). (Emphasis added).
The "no pay, no play" provision is clear and unambiguous in delineating when the bar to the first $10,000 of bodily injury or property damage occurs. Marolyn Bryant, as owner of the automobile involved in the motor vehicle accident, would be barred from recovering the first $10,000 of property damage if she failed to own or maintain compulsory motor vehicle liability security. As evidenced by the record, plaintiff had a motor vehicle liability policy, issued by DGIC, in full force and effect at the time of the accident. Defendants, however, argue that at the time of the accident the vehicle owned by Ms. Bryant was in effect "uninsured" because it was being operated by Justin, a driver specifically excluded from her policy.
In A.K. Durnin Chrysler-Plymouth, Inc. v. Jones, 01-0810 (La.App. 1st Cir.05/10/02), 818 So.2d 867, the First Circuit held that an exclusion of a spouse as an insured under an owner's automobile liability policy does not prevent an owner from recovering the first $10,000 of property damage to that owner's vehicle when damaged in an accident in which the excluded spouse was driving the vehicle. In other words, since the owner was permitted by statute to exclude his spouse from coverage, the "no pay, no play" statute was inapplicable.
However, in Lantier v. State Farm Mutual Automobile Insurance Company, 02-0301 (La.App. 3d Cir.10/02/02), 827 So.2d 597, writ denied, 02-2628 (La.12/13/02), 831 So.2d 991, the Third Circuit held that a vehicle being driven by a person who was listed as an excluded driver under the vehicle owner's insurance policy was an uninsured vehicle for the purposes of La. R.S. 32:866, and thus, the vehicle owner was barred from recovering the first $10,000 of property damage from the insurer of the negligent motorist.
In obtaining a motor vehicle liability policy, La. R.S. 32:861 and La. R.S. 32:900 specifically allow an insured to exclude a child who is a resident of the same household as the named insured. The fact that plaintiff specifically excluded her son from her policy does not change the fact that she obtained a liability policy in conformity with La. R.S. 32:900, nor does it alter her compliance with the compulsory motor vehicle liability security law.
We feel that the A.K. Durnin decision is the more accurate resolution of the issue presented. Therefore, since plaintiff did in fact maintain an automobile insurance policy on the vehicle at the time of this accident she is entitled to recover the *448 value of the vehicle without any deduction under the "no pay/no play" law.

Conclusion
For the foregoing reasons, we affirm the judgment of the trial court; all costs of this appeal are to be borne by appellants, United Services Automobile Association and Robertnique W. Williams.
AFFIRMED.