STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1207

FARHAD KHALIQ

VERSUS

PROGRESSIVE SECURITY INSURANCE COMPANY

************

APPEAL FROM THE
ALEXANDRIA CITY COURT,
PARISH OF RAPIDES, NO. 102231
HONORABLE RICHARD E. STARLING, JR., CITY JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of John D. Saunders, Jimmie C. Peters, and Michael G. Sullivan, Judges.

AFFIRMED AS AMENDED.

Chris J. Roy, Jr.
Attorney at Law
Post Office Box 1592
Alexandria, LA 71309-1592
(318) 487-9537
COUNSEL FOR PLAINTIFF/APPELLEE:
     Farhad Khaliq

Ian A. Macdonald
Attorney at Law
Post Office Drawer 3408
Lafayette, LA 70502-3408
(337) 262-9000
COUNSEL FOR DEFENDANT/APPELLANT:
     Progressive Security Insurance Company

PETERS, J.

The defendant, Progressive Security Insurance Company, appeals the trial court's grant of a $18,296.72 judgment against it and in favor of the plaintiff, Farhad Khaliq. For the following reasons, we affirm the trial court judgment but amend the judgment by reducing it to $10,027.00 to reflect credit for a prior payment to Mr. Khaliq.

### DISCUSSION OF THE RECORD

The underlying facts giving rise to this litigation were stipulated to by the litigants. This stipulation established that on August 25, 2004, Farhad Khaliq owned a 2004 Mazda insured for collision coverage by Progressive Security Insurance Company (Progressive). On that day, Adnan Khaliq (Adnan), Farhad Khaliq's nineteen-year-old son, was involved in a two-vehicle accident in Rapides Parish, Louisiana while operating the Mazda. Adnan resided with his father on August 25, 2004, but at the time of the accident, he was operating the Mazda without his father's permission or knowledge. In fact, at no time in the past had Mr. Khaliq given his son permission to drive the Mazda.

The litigants further stipulated that the amount of damage sustained by the Mazda in the accident totaled $18,296.72, and that, sometime after the accident, Mr. Khaliq settled with the State of Louisiana, the owner of the other vehicle involved in the accident. In that settlement, he received $8,269.72 as payment for his property damage. Mr. Khaliq then made demand on Progressive for the full amount of the damage and, when Progressive refused to pay, he instituted this suit. Progressive based its refusal to pay on a provision of its policy specifically naming Adnan as an excluded driver.[1] The trial court rejected this defense, concluding that because Adnan

---

[1] The policy provides:
You have named the following persons as excluded drivers under this policy.

was driving the Mazda without his father's permission or knowledge at the time of the accident, the exclusion did not apply. The trial court also concluded that Progressive could not reduce its obligation to Mr. Khaliq by the amount he had received from the other party involved in the accident and rendered judgment in Mr. Khaliq's favor, and against Progressive, in the amount of $18,296.72.

Progressive has appealed, asserting the following assignments of error:

1. The trial court erred as a matter of law in finding that a named driver exclusion applies only when the excluded driver is operating the insured vehicle with the owner's permission and consent.

2. The trial court erred as a matter of law in holding [that] Progressive Security Insurance Company is not entitled to credit the amount Farhad Khaliq received from the [State of Louisiana] under the terms of its policy.

**OPINION**

It is not disputed that, but for the exclusion endorsement in the Progressive policy, Adnan would have been insured under its terms and Progressive would have been responsible to compensate Mr. Khaliq for the damage sustained.[2] However, the endorsement specifically excludes Adnan as an insured driver. Louisiana Revised Statutes 32:900(L)(1) provides the authority for the automobile insurer and the

---

Name of excluded Driver(s):
BASREN KHALIQ                       Date of Birth: 06/20/63
ADNAN F. KHALIQ                 Date of Birth: 03/22/85
No coverage is provided for any claim arising from an accident or loss involving a motorized vehicle being operated by an excluded person. THIS INCLUDES ANY CLAIM FOR DAMAGES MADE AGAINST YOU, A RELATIVE, OR ANY OTHER PERSON OR ORGANIZATION THAT IS VICARIOUSLY LIABLE FOR AN ACCIDENT ARISING OUT OF THE OPERATION OF A MOTORIZED VEHICLE BY THE EXCLUDED DRIVER.

[2]The Progressive policy contains the standard language that an insured person under its terms includes "[Mr. Khaliq] or a **relative** with respect to an **accident** arising out of the ownership, maintenance, or use of a **covered vehicle**." It further provides that Progressive "will pay for **loss** to . . . **covered vehicle** for which Collision Coverage has been purchased . . . when it overturns or is in a collision with another object, subject to the Limits of Liability."

2

insured to contract to exclude a resident of the insured's household from coverage under the policy; "[t]he purpose of this law [is] to give the insured the option of paying a reduced premium in exchange for insurance that affords no coverage while a vehicle is being operated by the excluded driver." *Bryant v United Servs. Auto. Ass'n,* 03-3491, 04-28, pp. 14-15 (La. 9/9/04), 881 So.2d 1214, 1223.

The trial court found this exclusion to be inapplicable to the accident of August 25, 2004, based on the fact that Adnan was operating the Mazda without his father's permission or knowledge. In reaching this conclusion, the trial court relied on the supreme court's decision in *Bryant,* 881 So.2d 1214, wherein the supreme court considered the application of La.R.S. 32:866 (the "no pay, no play" statute) to situations where an insured's vehicle became involved in an accident while being operated by an excluded driver. The *Bryant* decision involved two conflicting decisions from different appellate circuits.[3] In each case, the owner of the damaged vehicle brought suit against the drivers of the other vehicles, and their liability insurers, to recover the property damage sustained in the accident. The defendant drivers of the other vehicles and their liability insurers sought to invoke the bar on recovering the first $10,000.00 of property damage as provided in La.R.S. 32:866(A)(1), arguing that the vehicle was not insured as required by the Louisiana Motor Vehicle Safety Responsibility Law because, at the time of the accident, the insured's policy excluded the driver from coverage.

---

[3]The two court of appeal cases are *Bryant v. United Services Automobile Ass'n*, 37,926 (La.App. 2 Cir. 12/10/03), 862 So.2d 446, and *McCray v. Jenkins*, 03-539 (La.App. 5 Cir. 12/9/03), 864 So.2d 675. In *Bryant,* 862 So.2d 446, the second circuit held that the plaintiff was entitled to recover property damages without any deduction under the "no pay, no play" law, even though the vehicle was being driven by an excluded driver. In *McCray,* 864 So.2d 675, the fifth circuit held that the plaintiff was subject to the deduction under the "no pay, no play" law, reasoning that the plaintiff did not have liability coverage for her vehicle when she allowed an excluded driver to drive it. The supreme court consolidated these two cases for argument before it.

3

In resolving the conflict between the circuits, the supreme court concluded that, where the excluded driver operates a vehicle *with* the permission of the insured, "the provisions of the 'no pay, no play' law apply to partially bar the named insured's own recovery in light of the fact that the named insured thwarted the law by receiving a reduced premium and then permitting his or her car to be operated by an excluded driver." *Id.* at 1223. In one of the two consolidated cases, this was the factual situation.[4] However, in the other consolidated case, the supreme court concluded that "the record [was] unclear as to whether [the excluded driver] had permission to operate [the insured's] vehicle at the time of the accident."[5] *Id.* at 1224. Given this unresolved factual issue, the supreme court remanded the matter to the trial court for it to determine whether the insured had permitted the excluded driver to drive the vehicle.

In explaining why it drew a distinction between a vehicle operated by an excluded driver with permission of the insured and one operated by an excluded driver without such permission, the supreme court stated:

> It would serve no valid purpose, however, to apply the provisions of the "no pay, no play" law to a situation in which the excluded driver operated the vehicle without the permission of the named insured. In such a situation, the named insured has not thwarted the law by receiving a reduced premium in exchange for excluding a driver and then permitting that excluded driver to operate the vehicle in contravention of the Motor Vehicle Safety Responsibility Law. Additionally, it would be absurd to contend that a named insured should not be allowed to recover a portion of his or her damages pursuant to the provisions of La.R.S. 32:866 in a situation where the vehicle was stolen and then involved in an accident, perhaps an accident that was not caused by the fault of the thief.

[4]The insured, Virginia McCray, was actually a guest passenger in the vehicle at the time of the accident. She had given her husband, Stacy McCray, permission to drive the vehicle despite the fact that he was an excluded driver under the policy.

[5]Marolyn Bryant owned the insured vehicle, but was not in the vehicle at the time of the accident. It was being operated by her seventeen-year-old son, Justin Bryant.

*Id.* at 1223.

Progressive argues that the holding in *Bryant* is distinguishable from the matter now before this court and should be limited to the "no pay, no play" situation because *Bryant* considered the compulsory liability insurance requirements of La.R.S. 32:900, not the optional collision insurance under which Mr. Khaliq seeks to recover. While we agree that there are factual distinctions between *Bryant* and the matter before us, these are distinctions without a difference. While referencing the "no pay, no play" law, the supreme court based its decision on the driver exclusion aspects of the litigation. As in *Bryant*, Mr. Khaliq received a reduced insurance premium by excluding his son as an insured driver. The evidence is undisputed that Mr. Khaliq did not take advantage of this premium reduction and, at the same time, allow his son to drive the insured vehicle. His son took the vehicle without Mr. Khaliq's permission or knowledge, and, as implied by the supreme court, that situation is no different from a thief taking and wrecking the vehicle. In fact, it has long been recognized that an insured may recover for property damage under the collision coverage when the damage is sustained while the insured vehicle is in the possession of an unauthorized person. *Moore v. The Stuyvesant Ins. Co. of N. Y.*, 98 So.2d 911 (La.App. Orl. Cir.1957).[6] Therefore, we find no error in the trial court's ruling concerning insurance coverage.

Following the trial on the issue of damages, the trial court rendered judgment against Progressive and in favor of Mr. Khaliq for the full amount of damages, or $18,296.72. Progressive argues that the trial court's judgment should be amended to

---

[6]*Moore*, 98 So.2d 911, involved a vehicle in possession of a thief. However, the court couched its decision in terms of an "unauthorized person." *Id.* at 912.

give Progressive credit for the $8,269.72 that Mr. Khaliq previously recovered from the State of Louisiana for damages to the Mazda. We agree.

The Progressive policy contains the following language with respect to payments from other sources:

> When an insured person has been paid by us under this policy and also recovers from another person, entity, or organization, the amount recovered will be held by the insured person in trust for us and reimbursed to us to the extent of our payment, after the insured person has been fully compensated for his or her damages.

Thus, if Progressive were to pay the damages in full, Mr. Khaliq would become the trustee of that portion over and above the amount representing full compensation. Here, Mr. Khaliq recovered $8,269.72 from the State of Louisiana for the damages to the Mazda and, pursuant to the policy language, is entitled to recover only that amount which will cause him to be fully compensated for his loss. Therefore, the trial court erred in not giving Progressive credit for the amount paid by the State of Louisiana, and the judgment must be amended to reflect a credit of $8,269.72.

## DISPOSITION

For the foregoing reasons, we affirm the trial court's judgment finding that the insurance policy issued to Farhad Khaliq by Progressive Security Insurance Company provided collision coverage for the accident of August 25, 2004. We amend the damage award to $10,027.00. We assess all costs of this appeal to Progressive Security Insurance Company.

**AFFIRMED AS AMENDED.**

6