# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-1419

**MARGIE F. MARTIN**

**VERSUS**

**SAFEWAY INSURANCE CO. OF LOUISIANA, ET AL.**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
THIRTEENTH JUDICIAL DISTRICT COURT
PARISH OF EVANGELINE, NO. 68344B
HONORABLE THOMAS F. FUSELIER, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Billy Howard Ezell, Judges.

**REVERSED AND RENDERED.**

Gary J. Ortego
Attorney at Law
P. O. Drawer 810
Ville Platte, LA 70586
Counsel for Plaintiff/Appellee:
    Margie F. Martin

Gregory J. Laborde
Attorney at Law
P. O. Box 3667
Lafayette, LA 70502
Counsel for Defendant/Appellant:
    Robert Gallow

Melissa F. Doise
Borne & Wilkes
200 W. Congress St, #1000
Lafayette, LA 70502-4305
Counsel for Defendant/Appellant:
     Safeway Insurance Company ofLouisiana

**Pickett, J.**

The defendant, Safeway Insurance Company of Louisiana (hereinafter Safeway), appeals a judgment of the trial court finding coverage in favor of an excluded driver who was involved in an accident while operating the insured's vehicle. We reverse the judgment of the trial court.

## FACTS

We quote the facts from the trial court's written reasons for judgment:

> The matter before the court arises from an automobile accident which occurred on July 26, 2006. From the evidence presented at trial, it appears unchallenged that the vehicle being operated by plaintiff was struck by a vehicle being driven by defendant, Robert Gallow (hereinafter referred to as"Gallow"). Gallow's actions and/or omissions were the sole cause of the accident. This portion of the case presents little challenge for the court. The same cannot be said with regard to insurance coverage.

> Defendant, Safeway Insurance Company of Louisiana (hereinafter referred to as "Safeway") admits that it had issued a liability policy to the owner of the vehicle driven by Gallow, Mr. Lyndon Ardoin (hereinafter referred to as "Ardoin"). Safeway, however, denies coverage as a result of an exclusion of named drivers which purports to exclude coverage with respect to damages caused as a result of the operation of the insured vehicle by Gallow.

Thus, the only issue presented for our consideration on appeal is the interpretation of the "named driver exclusion" in the Ardoin policy which excluded Gallow from coverage as an insured driver.

## LAW AND DISCUSSION

Both the trial judge and the appellee rely heavily on a case decided by a panel of this court: *Khaliq v. Progressive Sec. Ins. Co.*, 06-1207 (La.App. 3 Cir. 2/7/07), 950 So.2d 933, *writs denied*, 07-471 (La. 4/22/07), 955 So.2d 688. We do not disagree with the outcome in the *Khaliq* case; however, we find it is not applicable to the case at bar as the issue in *Khaliq* dealt with *collision* coverage not with *liability*

1

coverage as in this case. In *Khaliq*, Progressive Security Insurance Company (Progressive) appealed the trial court's finding of coverage and granting of a $18,296.72 judgment against it and in favor of its insured, Farhad Khaliq. At the time of the accident, Mr. Khaliq's vehicle was being driven by his son, a named excluded driver under the Progressive policy. Mr. Khaliq had already settled with the owner of the other vehicle for $8,269.72 as payment for his property damage. Mr. Khaliq attempted to collect from Progressive under his <u>collision</u> coverage (a situation wherein the liability of the driver has no bearing) and when Progressive resisted, filed suit. The trial court in *Khaliq* relied on *Bryant v. United Servs. Auto. Ass'n*, 03-3491, 04-28 (La. 9/9/04), 881 So.2d 1214, to find coverage. We note that in the instant case, the trial court and the appellee also cite *Bryant* to support their position. We find that case also inapplicable to the case before us.

In *Bryant*, the court was asked to decide "the narrow issue of whether La. R.S. 32:866, the 'no pay, no play' law, applies to bar a portion *of a named insured's recovery of her own bodily injury and/or property damages* when an excluded driver is involved in an accident while driving the named insured's vehicle." *Id.* at 1215 (emphasis ours). *Bryant* involved two consolidated cases, one in which an excluded driver was driving the insured vehicle with the insured's permission and the other in which an excluded driver was driving the insured vehicle *without* the insured's permission. The court concluded that La.R.S. 32:866, the "no pay, no play" law, should apply in situations where the named insured gave permission to drive the insured vehicle to an excluded driver, but should not apply if an excluded driver was driving the insured vehicle without the insured's permission. We note however, that the *Bryant* case involved two conflicting decisions from different appellate circuits

2

wherein each of the insured owners of damaged vehicles brought suit against the tortfeasor-defendant-drivers of the other vehicles. The only issue in *Bryant* dealt with the "no pay, no play" law, La. R.S. 32:866, and whether that law should apply to partially bar the plaintiff-named insured's own recovery.

In the case before us, the plaintiff is seeking to recover from the insurer of an insured vehicle which was being operated by a tortfeasor-named excluded driver pursuant to La.R.S. 32:900(L)(1). That section, which deals with *motor vehicle liability coverage,* states in part that:

> an insurer and an insured may by written agreement exclude from coverage the named insured and the spouse of the named insured. The insurer and an insured may also exclude from coverage *any other named person who is a resident of the same household as the named insured at the time that the written agreement is entered into*, and the exclusion shall be effective, regardless of whether the excluded person continues to remain a resident of the same household subsequent to the execution of the written agreement. It shall not be necessary for the person being excluded from coverage to execute or be a party to the written agreement. For the purposes of this Subsection, the term "named insured" means the applicant for the policy of insurance issued by the insurer.

(Emphasis ours).

In this case the tortfeasor, a named excluded driver, seeks protection from personal liability by seeking to become an insured, under a Safeway policy which specifically excluded him from coverage.

We note that Safeway knew the tortfeasor, Robert Gallow, was a resident of their insured's household. When Safeway made that determination in early January 2006, it notified its insured, Lyndon Ardoin, by a letter dated January 12, 2006, that Gallow would either have to be added as an insured to Mr. Ardion's policy or named as an excluded driver. The record reflects that on January 23, 2006, Mr. Ardoin

3

executed an "Exclusion of Named Driver" form excluding Gallow from coverage under his policy.

To allow the plaintiff to recover from the defendant, Safeway, in this case would make the terms of La.R.S. 32:900(L) meaningless. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the Legislature. La. Civ.Code art. 9 (2004)." *Lockett v. State, Through Dept. of Transp. and Dev.*, 03-1767, p. 3 (La. 2/25/04), 869 So.2d 87, 90-91. Furthermore, in *Munsch v. Liberty Mut. Ins. Co.*, 05-147, pp. 6-7 (La.App. 1 Cir. 2/10/06), 928 So.2d 608, 612, *writs denied*, 06-590 (La. 5/25/06), 930 So.2d 2 our colleagues of the first circuit have reminded us of the following:

> A court is bound to follow the language of a relevant law. See La. C.C. arts. 1-4.
>
> The jurisprudence has developed additional rules for interpreting laws. In *Ransome v. Ransome*, 01-2361, p. 8 (La.App. 1 Cir. 04/21/02), 822 So.2d 746, 754 appears the following:
>
>> Pursuant to the standard rules for statutory construction (1) it is presumed that every provision of law was intended to serve some useful purpose; (2) **it is not presumed that the lawmaker intended for any part of a law to be meaningless;** (3) the lawmaker is presumed to have enacted the law with full knowledge of all other laws pertaining to the same subject matter; (4) it is the duty of the courts to interpret a provision of law which harmonizes and reconciles it with other provisions pertaining to the same subject matter; and (5) when a law is susceptible to two or more interpretations, that which affords a reasonable and practical effect to the entire act is preferred to one that renders part of the act nugatory.
>
> See also *David v. Our Lady of the Lake Hospital, Inc.*, 02-2675, p. 11 (La.07/02/03), 849 So.2d 38, 46-47; *Gregor v. Argenot Great Central Insurance Company*, 02-1138, pp. 6-7 (La.05/20/03), 851 So.2d 959, 964. (Emphasis added.)

4

We find that to allow the decision of the trial court to stand would render La.R.S. 32:900(L) meaningless and violate the well established rules of statutory construction.

Accordingly, for the reasons stated the judgment of the trial court is reversed, and the defendant, Safeway Insurance Company, is dismissed with prejudice. All costs of this proceeding are assessed against the plaintiff, Margie Martin.

**REVERSED AND RENDERED.**